**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

LO DAI PING,                                    )
                                                )
        **Petitioner,**                     )
                                                )
v.                                              )      **Case No. CIV-26-646-R**
                                                )
UNITED STATES DISTRICT COURT,    )
et al.,                                         )
                                                )
        **Respondents.**                  )

**REPORT AND RECOMMENDATION**

Petitioner Lo Dai Ping, a noncitizen[1] and Chinese national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue.[2] For the reasons set forth below, the undersigned recommends that the Court deny the Petition, Doc. 1.

## I.    Background

Petitioner, a citizen of China, entered the United States on February 25, 1988, through New York City as "a child of alien class." Resp. at 1; Doc. 13-1 at 1 (Notice to

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] On April 9, 2026, Respondents filed a Motion to Dismiss. Doc. 8. The undersigned recommended denying the motion, Doc. 9, which the Court adopted, Doc. 12.

Appear).  Neither party has alleged any additional encounters between Petitioner and ICE until December 2025.

On November 3, 2025, Petitioner was convicted of Possession of Ketamine in Lincoln County, Oklahoma, in violation of 63 Okla. Stat. § 2-402.  Resp. at 1-2; Doc. 13-1 at 1; Doc. 13-2 at 1 (Criminal Information); Doc. 13-3 (Criminal Judgment).  On December 11, 2025, ICE took custody of Petitioner and served him with a Notice of Custody Determination, informing him he would be detained pending the final administration determination of his immigration case.  Resp. at 2; Doc. 13-4 (Notice of Custody Determination).  Respondents allege Petitioner requested that an immigration judge ("IJ") review the custody determination, Resp. at 2, but neither party has alleged whether an IJ review occurred or the outcome of such a review.  On the same day, ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  Resp. at 2; Doc. 13-2 at 1.  Petitioner was charged under 8 U.S.C. § 1227(a)(2)(B)(i) as someone who, after admission, was convicted of a violation of or conspiracy to violate "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance."  Resp. at 2; Doc. 13-1 at 4.  At some point later, Petitioner filed an Application for Asylum and Withholding of Removal.  Doc. 13-5 at 2 (Asylum Application).[3]

---

[3] An IJ ordered Petitioner removed on May 26, 2026.  *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed June 18, 2026).  However, Petitioner appealed his removal order to the Board of Immigration Appeals on June 2, 2026, and his appeal remains pending, *id.*, meaning the removal order is not yet final.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 18, 2026).

## II.    Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges he has been detained since December 10, 2025, without "an individualized bond hearing or a chance to apply for any applications" in violation of the APA.  Pet. at 7 (citation modified).

- **Count II: Violation of the Immigration and Nationality Act ("INA") and ICE Regulations**.  Petitioner alleges his detention for three months without "an individualized bond hearing or even a notice of why" violates the INA.  *Id*. at 7 (citation modified).

He asks the Court to "order [his] immediate release through an Order of Supervision or be given the chance for a bond hearing." *Id*. (citation modified).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis

### A.    Section 1226(c) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  This case involves application of

§ 1226.  Relevant here, § 1226(a) authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  However, § 1226(c) authorizes mandatory detention pending entry of a final removal order for certain criminal noncitizens.

Petitioner alleges his detention violates the INA because he has not been provided with a bond hearing, which the undersigned liberally construes to be alleging Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  Pet. at 7.  Respondents contend Petitioner is properly detained under § 1226(c).  Resp. at 1, 8.  Specifically, Respondents allege Petitioner is subject to mandatory detention under § 1226(c)(1)(A) because he "is inadmissible by reason of having committed an offense" under § 1182(a)(2), which includes criminal convictions like his Ketamine conviction.  Resp. at 7 (citation modified).[4]

---

[4] Petitioner is more likely detained pursuant to § 1226(c)(1)(B) because, as alleged in the Notice to Appear, he "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  *See* Doc. 13-1 (Notice to Appear) (advising Petitioner he was admitted to the United States but is now removable under § 1227(a)(2)(B)(i) based on 2023 drug conviction).  However, because Respondents allege Petitioner is detained pursuant to § 1226(c)(1)(A), the undersigned analyzes whether he is properly detained pursuant to that provision.  *See* Resp. at 7.  Further, it does not matter whether Petitioner is detained under § 1226(c)(1)(A), which requires mandatory detention for noncitizens who are inadmissible because they violated § 1182(a)(2), or under § 1226(c)(1)(B), which requires mandatory detention for noncitizens who are deportable for having violated § 1227(a)(2)(B).  Both § 1226(c)(1)(A) and § 1226(c)(1)(B) require detention of a noncitizen convicted of violating a law related to controlled substances. *Compare* 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . .

"The Attorney General shall take into custody any alien who is inadmissible by reason of having committed any offense covered in [8 U.S.C.] section 1182(a)(2)."  8 U.S.C. § 1226(c)(1)(A).  Section 1182(a)(2) provides that noncitizens convicted of a violation of any law or regulation of a State relating to a "controlled substance (as defined in section 802 of Title 21)" is inadmissible.  *Id.* § 1182(a)(2).  Ketamine is a controlled substance.  *See* 21 U.S.C. § 802(6) (defining "controlled substance" as a drug listed in the drug schedules); *id.* § 812(b) (drug schedules); 21 C.F.R. § 1308.13(c)(7) (listing Ketamine).[5]  It is undisputed Petitioner was convicted of Possession of Ketamine in Lincoln County, Oklahoma, in violation of 63 Okla. Stat. § 2-402.  Doc. 13-2 at 1 (Criminal Information); Doc. 13-3 (Criminal Judgment).  Further, he does not claim he is a protected witness in a criminal investigation, which would entitle him to release despite his status as a "criminal alien."  *See* 8 U.S.C. § 1226(c)(4) (allowing for the release of certain protected witnesses who would otherwise be subject to mandatory detention under this subsection).

Thus, § 1226(c) governs and Petitioner is subject to mandatory detention.  *See Jennings*, 583 U.S. at 305-06 (concluding "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal

---

relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible.") *with* 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21) . . . is deportable.").

[5] While Ketamine does not appear in § 812(b), revised schedules are published in the Code of Federal Regulations each year.  21 U.S.C. § 812(a), n.1.  Ketamine is classified as a Schedule III substance.  21 C.F.R. § 1308.13(c)(7).

proceedings 'only if' the alien is released for witness-protection purposes").[6]  The Court should deny Petitioner's claim that his detention violates the INA.

### B. The Court should also deny Petitioner's APA claim.

Petitioner also argues his continued detention without a bond hearing violates the APA.  Pet. at 7.  Because Petitioner's claims for relief "necessarily imply the invalidity of [his] confinement," his claims "fall within the core of the writ of habeas corpus and thus must be brought in habeas."  *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified); *see also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring); *Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687). Accordingly, the Court should deny Petitioner's request for relief under the APA.

### V.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief, Doc. 1.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **June 25, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to

---

[6] To the extent courts have suggested a noncitizen's due process rights may entitle him to a bond hearing after prolonged detention under § 1226(c), Petitioner's detention—which had lasted three months when the Petition was filed—is not so long as to warrant any relief here. *See Jennings*, 583 U.S. at 305-06 (holding due process does not entitle noncitizens subject to § 1226(c) mandatory detention to a bond hearing after six months).

respond to the other party's objections, such response must be filed not later than **June 30, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of June, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE